EJECTMENT for a tract of land called Crow's Addition., lying in Kent County.
At the trial of this cause, the plaintiff having made his title under a patent from the Lord Proprietary, bearing date the 22d of May, 1729, to the tract of land for which the ejectment was brought, and having also proved the beginning and the course and distance thereof, as was laid down upon the plat filed in the cause. The defendant offered in evidence to the Jury a patent from the Lord.Proprietary to William Hemsley, for a tract of land called Pentridge, bearing date the 10th day of January, 1670, which was laid down on the plat returned. And in order conclusively to establish the bounds of that tract of land, also produced in evidence a paper under the seal of Kent County Court, which was a transcript of the proceedings of commissioners, pursuant to an act of Assembly, enti- *183 ' tied,ct An act for ascertaining the bounds of land,” &c. setting forth the meeting of the commissioners on the 6th day of June, 1720, and all their proceedings, in compliance with the act of Assembly, and their final determination, to wit: “ The commissioners being met on the said land a according to appointment, the petitioners being present, a as also William Crow, surveyor, produces the original a patent of the said land called Pentridge, to the commise£ sioners, which said patent expresses the said land to 6£ begin at a bounded poplar, &c. It is ordered, that the a surveyor begin at the aforesaid poplar, &c. The com» a missioners, after mature deliberation, and having heard a all persons concerned, and the circumstances nearest u concerning, do order the surveyor to return plots and i£ certificates as followeth, beginning, &c. the same to be ££ and remain the certain and undoubted bounds for ever.” Then follows the certificate and plat returned by the surveyor. To which transcript was annexed the certificate of the clerk of Kent County, that the proceedings were truly copied from the records of Kent County. Whereupon the plaintiff produced as a witness, James Smith, the present clerk of Kent County Court, who, upon his examination deposed, that he was clerk to the commission for Kent County, under a commission from the then Governor, by virtue of an act of Assembly made the 22d April, 1718, entitled, ££ An act for ascertaining the bounds of land within <£ this Provinceand that a book was by the said commissioners delivered to him as their clerk to enter their proceedings in; that accordingly he did enter therein such proceedings as had, during his said clerkship to the commissioners aforesaid been by them had; (which same book the said James Smith produced in Court j) that he was at the same time, and has hitherto continued clerk of Kent County; and that he kept the said book during all the time he was clerk of the said commissioners as aforesaid, amongst the land-records of the County aforesaid; that some time afterwards, a new commission issued from the *184 Governor, dated the 3d day of November, 1720, appointing other persons commissioners for Kent County aforesaid, one of whom was the deponent by virtue of the aforesaid act Assembly, as of one other act of Assembly made the 27th day of October, 1720, entitled, “ A supplementary w act to the act for ascertaining the bounds of land within “ this Provincethat thereupon a certain Charles Hynson was, by the commissioners in the last aforesaid commission, appointed their clerk; that upon such appointment the deponent delivered the aforesaid book, and all papers relating to the former commission, to the aforesaid Charles Hynson; that under the last commission, and while the said Charles Hynson was clerk, and after the deponent had delivered the book and papers to him, the proceedings which are set out in the transcript herein before set forth, were had, and not before; that the book and papers remained in the said Hyman's custody, and entirely out of the custody of the deponent for above twenty-two years, of which time the deponent understood from the said Hynson, that the said proceedings were not by him made up, and which book and proceedings the deponent received from the said Hynson but about seven years ago. The plaintiif also produced and read to the Court the aforesaid last mentioned act of Assembly, made the 27th of October, 1720, and then read to the Court from one of the books of the Honourable the Council of this Province, his Lord - ship’s dissent to both the aforesaid acts of Assembly, published in this Province on the 5th day of August, 1721. And it appeared in evidence, by the records contained in the said book so as aforesaid produced by the said James Smith, that the commissioners who acted, as in the said transcript is contained and mentioned at the time of acting, were duly and legally commissioned, sworn, and qualified, and that the record of which the same is a transcript appeared to have been entered in the said book by the said Charles Hynson:
Whereupon the plaintiif prayed the opinion of the Court, 'that the- said transcript might not be read as conclusive *185 evidence to the Jmy. But the Court then declared, that the same might be read as conclusive evidence to the Jury. To this opinion the plaintiff excepted, and appealed to the Court of Appeals.
S. Bordley and Ringgold, for appellant..
Tilghman and Dulany, for appellee.
At May Term, 1753, the Court of Appeals affirmed the judgment of the Provincial Court.